UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Manhattan Telecommunications Corp.,      Index No.:    Civ 08-3829
d/b/a Metropolitan Telecommunications,                         (JSR)
a/k/a MetTel
44 Wall Street, 6th Floor,
New York, NY 10005

         Plaintiff

v.

Global Naps, Inc, and John Doe 1-5

         Defendants.
------------------------------------------------------------X

## AMENDED COMPLAINT

Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel" or "Plaintiff"), for this Amended complaint against Defendant, Global Naps, Inc. ("Defendant") and such other unknown carriers as discovery shall disclose which have been denominated as John Doe 1 through 5 and plaintiff alleges as follows:

### NATURE OF THE ACTION

1.     This case involves Defendant's failure to pay legally required charges for its use of Plaintiff's local network facilities to receive and complete local and long-distance calls. Whenever one of Defendant's customers makes a Local or long-distance call to one of Plaintiff's local telephone customers, Defendant uses the Plaintiff's local facilities to complete, or "terminate," the call. Similarly, whenever one of Defendant's long-distance customers uses a local telephone line provided by Plaintiff to place a long-distance call, Defendant uses the Plaintiff's local facilities to "originate" the long-

distance call. Pursuant to Plaintiff's federal and state tariffs on file with the Federal Communications Commission ("FCC") and state regulatory bodies, Defendant is required to pay Plaintiff for this "originating" and "terminating" "access" to Plaintiff's local exchange facilities.

2. Defendant has failed and refused to pay Plaintiff's lawfully tariffed access charges. Accordingly, Plaintiff seeks to recover the access charges that Defendant has unlawfully failed to pay and to enjoin Defendant from continuing its unlawful use of Plaintiff's services without payment.

## JURISDICTION AND VENUE

3. This is, in significant part, a collection action for payments arising under Section 203 of the Communications Act of 1934, 47 U.S.C. § 203, and Plaintiff's interstate access tariffs filed thereunder. This Court accordingly has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and 47 U.S.C. § 207. In addition, since Defendant is a common carrier, Plaintiff's claims also arise under Section 206 of the Communications Act of 1934, 47 U.S.C. § 206. This Court has jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as substantial part of the events and omissions giving rise to the claim occurred within this District.

## ALLEGATIONS COMMON TO ALL COUNTS

### PARTIES

5. MetTel is a Delaware corporation with its principal place of business at 44 Wall Street, 6th Floor, New York, NY 10005. MetTel currently provides local exchange telephone service in New York and across the country.

6. Defendant Global Naps, Inc. is a Delaware Corporation which is authorized to do business in New York Corporation with its New York office listed as 32 Old Slip, 4th floor, New York, New York 10005. Defendant provides, among other things, telecommunications services, and has a significant presence in the City and State of New York.

## BACKGROUND

### The Access Charge Regime

7. This action centers on Defendant's non-payment for switched access charges owed to Plaintiff in accordance with Plaintiff's lawful tariffs. Access charges are the fees that long-distance carriers must pay local exchange carriers such as Plaintiff to defray the costs associated with the use of local exchange facilities for originating and terminating long-distance calls. These switched access charges are established and mandated by federal and state regulations and tariffs, which are described in detail below.

8. Since the breakup of the Bell System in 1984, local exchange carriers ("LECs"), such as Plaintiff, and long-distance carriers, such as Defendant, have played largely distinct roles in the telecommunications industry. LECs have primarily carried local calls – i.e., calls between end users located within local calling areas or exchanges. Long-distance carriers have traditionally carried calls between exchanges, on both an intrastate and interstate basis. This long-distance service is known as "interexchange" service.

9. In order to provide interexchange service, long-distance carriers typically establish one or more points of presence (POPs) within a given area. POPs are facilities that provide a point of interconnection between local exchange networks and interexchange networks. When a customer makes an interexchange call, that customer's local exchange carrier transports the call over the local exchange carrier's network to the POP of the long-distance carrier that the customer has selected (say, Defendant). The long-distance carrier then transports the call from the POP in the area where the calling party is located (i.e., where the call originates) to the POP in the area where the called party is located (i.e., where the call terminates). The called party's local exchange carrier then receives the call from the long-distance carrier, either directly or through an intermediary, and delivers it to the called party.

10. The transmission of an interexchange call from the calling party to a long-distance carrier's POP is known as "originating access." The transmission of an interexchange call from a long-distance carrier's POP to the called party is known as "terminating access."

11. Federal and state tariffs (or, in the absence of a tariff, contracts between the carriers) dictate the appropriate originating and terminating access charges that apply to a given interexchange call, depending on whether the call is interstate or intrastate. If the call originates in one state and terminates in another, the access charges that apply are set forth in interstate tariffs filed with the FCC. If the call originates and terminates within the same state, the access charges that apply are set forth in intrastate tariffs filed with state regulatory commissions.

12. For historical and regulatory reasons beyond the scope of this Complaint, most LECs' intrastate access charges are often higher (in many cases, considerably so) than interstate access charges.

13. Local calls are subject to a different regulatory regime, called "reciprocal compensation." Under reciprocal compensation, the parties exchanging local traffic either agree on rate at which the carriers bill each other for termination of each other's local traffic (typically much lower than access charges) or the parties assume a relative balance of traffic and agree to an arrangement termed "bill and keep" in which no payments are exchanged between the carriers: rather carriers recover the costs of terminating traffic from their own customers.

14. Plaintiffs provide service over some of their local telephone lines using their own switches. Plaintiffs obtain switching capability to some of their other local customers by leasing capacity on a switch owned by an incumbent local exchange carrier (ILEC), pursuant to their rights under the federal Telecommunications Act of 1996 ("Act"). The rates Plaintiff pays to lease switching capacity from the ILECs are established in accordance with Section 252 of the Act and the regulations of the FCC, and are premised in part upon the design that Plaintiff, rather than the ILEC, will bill and collect access charges from long-distance carriers such as Defendant.

15. Long-distance traffic destined for Plaintiff's customers is delivered by the long-distance carrier, or another carrier acting on its behalf, to the ILEC's network, which routes the calls to Plaintiff's customers. The ILEC then provides Plaintiff with records of each long-distance call as reported by the long-distance carrier that, if such records are

accurate, enables Plaintiff to assess and bill the appropriate interstate and intrastate terminating access charges to the long-distance carrier.

<u>Defendant's Non-Payment of Interstate and Intrastate Access Charges</u>

16. During the entire relevant period, Plaintiff has offered switched access charges pursuant to tariffs filed with the FCC (for interstate access services) and the respective state public utilities commissions in states where Plaintiff operates as local exchange carrier (for intrastate access services). The provisions of these tariffs are binding on Defendant and govern the rates, terms and conditions that Plaintiff may offer switched access service.

17. Defendant has failed and refused to pay Plaintiff's invoiced access charges for long-distance calls in accordance with Plaintiff's state and federal tariffs.

18. In addition, some of the traffic that defendant has handed-off to plaintiff is local and charges are due under the plaintiff's local interconnection tariff

## **COUNT I**

(BREACH OF FEDERAL TARIFF)

19. Plaintiff incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

20. Plaintiff's interstate access charges applicable to the origination and termination of long distance calls are set forth in its F.C.C. Tariff No. 3 ("Federal Tariff").

21. Plaintiff's Federal Tariff provides, among other things, that long-distance carriers originating or terminating interstate long-distance calls from or to Plaintiff's local customers must pay Plaintiff tariffed access charges at specified rates for originating access and terminating access.

22. From on or about February 2001 through the present time, Defendant has used Plaintiff's originating and terminating interstate access services.

23. Plaintiff fully performed its obligations under its Federal Tariff, except for those it was prevented from performing, those that it was excused from performing, or those that were waived by Defendant's misconduct as alleged herein.

24. Pursuant to Plaintiff's lawful Federal Tariff, Defendant is liable to Plaintiff for the applicable charges (including all applicable interest, late charges, and other charges) for the access services that it used.

25. Defendant has failed to pay all of the access charges invoiced by Plaintiff in accordance with the terms of the Federal Tariff.

26. Defendant materially violated Plaintiff's Federal Tariff by failing to pay the tariffed rates for the services it used.

27. Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## COUNT II

(BREACH OF STATE TARIFFS)

28. Plaintiff incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

29. Plaintiff's intrastate access charges for long distance calls are set forth for the respective state in the following tariffs.

30. Each of the State Tariffs provide, among other things, that long-distance carriers originating or terminating intrastate long-distance calls from or to Plaintiff's local customers must pay Plaintiff tariffed access charges at specified rates for originating access and terminating access.

31. February 2001 through the present, Defendant has used Plaintiff's originating and terminating intrastate access services under each of the State Tariffs.

32. Plaintiff fully performed its obligations under each of the State Tariffs, except for those it was prevented from performing, those that it was excused from performing, or those that were waived by Defendant's misconduct as alleged herein

33. Defendant has failed to pay all of the charges invoiced by Plaintiff in accordance with the terms of the State Tariffs.

34. Defendant materially violated each of the State Tariffs by failing to pay the tariffed rates for the services it used.

35. Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### COUNT III (In the Alternative)

(UNJUST ENRICHMENT)

36. Plaintiff incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

37. This Count III is pleaded solely in the alternative, in the unlikely event the Federal and State Tariffs are determined not to apply to every instance of Defendant's

alleged conduct. In no way is this Count III to be construed as an admission that the tariffs do not govern this case.

38. By providing access services to Defendant, Plaintiff permitted Defendant's long-distance subscribers to complete long-distance calls to and from Plaintiff's customers. Plaintiff thereby conferred a benefit on Defendant.

39. Defendant understood that the origination and termination of interexchange calls by Plaintiff was important to Defendant's long-distance customers, and it accordingly appreciated and recognized that Plaintiff's access services were a benefit to Defendant.

40. Defendant unjustly accepted and retained the benefit of Plaintiff's access services without providing legally required compensation to Plaintiff.

41. Plaintiff has been damaged in an amount to be determined at trial.

## COUNT IV
### (ACCOUNT STATED)

42. Plaintiff incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

43. On a regular basis the plaintiff mailed to Defendant invoices for payment, including a statement of account which included copy of the account balance as it then existed and any amount received on account of each listed invoice. See Exhibit A.

44. Defendant acknowledged receipt of the invoices. Defendant acknowledged that it sent and received traffic to MetTel customers and never disputed any of the traffic flowing between the carriers. MetTel received no objection or protest to its statements of account regarding the fact that traffic was passed.

Accordingly, Plaintiff is entitled to judgment on its claim for account stated in the amount of $269,835.29 plus any other allowable costs or late fees and interest.

## COUNT V (In the Alternative)

45. Plaintiff incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

46. Defendant carries traffic for third party carriers which defendant hands off to plaintiff and plaintiff terminates as set forth herein.

47. Defendant claims (and plaintiff in no way admits) among other things that defendant is an "intermediate" carrier and according to defendant the plaintiff should or must look towards defendant's carrier customers for payment for the traffic that plaintiff terminates for defendant.

48. In the event that defendant is successful in establishing that it is a "intermediate" carrier and further that as such it cannot be compelled to pay for termination of traffic, then plaintiff alternatively seeks compensation from the carrier customers who as of today are unknown to plaintiff but as they become known plaintiff shall join them herein to so that plaintiff may obtain complete relief for termination of such carrier's traffic.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant relief for all misconduct as follows:

(a) Money damages to be proven at trial, plus prejudgment interest;

(b) Restitution;

(c) All costs and attorney's fees incurred by Plaintiff;

(d) Leave to bring supplemental proceedings in the event of defendants continued breach of its obligations; and

(e) Such further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues and claims.

Dated: New York, New York
July 3, 2008

Respectfully submitted,

_____
David E. Aronow, Esq.(DA-2026)
**Attorney for Plaintiff, MetTel**
MetTel
44 Wall Street, 6th Floor
New York, New York 10005
(212) 359-1000
Daro@Mettel.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Manhattan Telecommunications Corp.,　　　　　　　Index No.: 08 civ 3829
d/b/a Metropolitan Telecommunications,　　　　　　　　　　(JSR)
a/k/a MetTel
44 Wall Street, 6th Floor,
New York, NY 10005,

　　　　　Plaintiff

　v.

Global Naps, Inc.

　　　　　Defendant.
-----------------------------------------------------------X

## AMENDED COMPLAINT

David E. Aronow, Esq. (DEA-2026)
**Attorney for Plaintiff MetTel**
44 Wall Street, 6th Floor
New York, New York 10005
(212) 359-1000

　　　　　　　　　　　　　　　　To:　Joel Davidow
　　　　　　　　　　　　　　　　　　Kile Goekjian Reed & McManus
　　　　　　　　　　　　　　　　　　PLLC
　　　　　　　　　　　　　　　　　　**Attorney for Defedant**
　　　　　　　　　　　　　　　　　　1200 New Hampshire Avenue, NW
　　　　　　　　　　　　　　　　　　Suite 570
　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　(202) 659-8000