UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel 44 Wall Street 6th Floor New York, NY 10005 *Plaintiff,* v. GLOBAL NAPS, INC., *Defendant* | 08-CIV-3829 (Judge Rakoff) DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT |

DEFENDANT GLOBAL NAPS, INC. ("Defendant" or "Global"), by and through its

counsel, Kile, Goekjian, Reed & McManus, PLLC, having received by overnight delivery on or

about July 7, 2008, an "Amended Complaint" signed on behalf of Plaintiff Manhattan

Telecommunications Corp. ("Plaintiff" or "MetTel"), hereby responds to said Amended

Complaint as follows:

## NATURE OF THE ACTION

1.    Defendant denies all allegations in Paragraph 1.

2.    Defendant denies all allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.  Defendant admits the allegations in Paragraph 3.

4.  Defendant admits the allegations in Paragraph 4.

## ALLEGATIONS COMMON TO ALL COUNTS

### PARTIES

5.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.  Defendant admits the allegations in Paragraph 6 as to the physical location of the corporation, but denies that it provides anything other than "information services" to the Plaintiff.

### BACKGROUND

7.  Defendant denies it owes Plaintiff for "switched access charges," as alleged. The remaining allegations of Paragraph 7 require no answer, insofar as they are general statements of law or call for legal conclusions.

8.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, but denies that it is an interexchange carrier.

9.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, but denies that it is selected by long distance customers.

10.  Defendant denies the allegations in Paragraph 10.

11.  Defendant denies the allegations in Paragraph 11.

12.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Defendant admits that "reciprocal compensation" is a term ascribed to one system of intercarrier compensation for local traffic and denies the remaining allegations in Paragraph 13.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

### Defendant's Non-Payment of Interstate and Intrastate Access Charges

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's service offerings. Defendant denies the allegations in Paragraph 16 that such tariffs are applicable to Global's traffic.

17.     Defendant admits the allegations in Paragraph 17, except that Defendant denies information or knowledge sufficient to form a belief as to the allegations in Paragraph 17 concerning the content or scope of Plaintiff's state and federal tariffs. Answering further, Defendant denies Plaintiff's access charges invoiced to Defendant are consistent with federal law governing how much and to whom intercarrier compensation is owed for Defendant's traffic.

18.     The allegation of Paragraph 18 that some of the traffic Defendant has "handed-off to plaintiff is local" states a legal conclusion concerning the nature of such traffic that is incorrect under applicable federal law. Answering further, Defendant denies that charges are due Plaintiff from Defendant under Plaintiff's "local interconnection tariff," as alleged.

## COUNT I

### (BREACH OF FEDERAL TARIFF)

19.    Defendant incorporates the responses to Paragraphs 1 through 17 as if fully set forth herein.

20.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.    Defendant denies the allegations in Paragraph 22.

23.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.    Defendant denies the allegations in Paragraph 24.

25.    Defendant admits the allegations in Paragraph 25.

26.    Defendant denies the allegations in Paragraph 26.

27.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

## COUNT II

### (BREACH OF STATE TARIFFS)

28.    Defendant incorporates the responses to Paragraphs 1 through 27 as if fully set forth herein.

29.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.    Defendant admits the allegations in Paragraph 33.

34.    Defendant denies the allegations in Paragraph 34.

35.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

### COUNT III

### (UNJUST ENRICHMENT)

36.    Defendant incorporates the responses to Paragraphs 1 through 35 as if fully set forth herein.

37.    There is no allegation to which admission or denial is required.

38.    Defendant denies the allegations in Paragraph 38.

39.    Defendant denies the allegations in Paragraph 39.

40.    Defendant denies the allegations in Paragraph 40.

41.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

## COUNT IV

### (ACCOUNT STATED)

42.    Defendant incorporates the responses to Paragraphs 1 through 41 as if fully set forth herein.

43.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43. Answering further, Defendant denies that Exhibit A to the Complaint is a copy of any invoice or invoices ever received by Defendant from Plaintiff.

44.    Defendant denies the allegations in Paragraph 44. Answering further, Defendant states that it protested specifically and generally to statements of account it received from Plaintiff in a timely fashion and on several occasions.

## COUNT V

45.    Defendant incorporates the responses to Paragraphs 1 through 44 as if fully set forth herein.

46.    Defendant admits it carries traffic for third parties, some of which it transfers to Plaintiff. Plaintiff denies the allegations of this Paragraph to the extent it incorporates other allegations of the Amended Complaint, which Defendant denies.

47.    Defendant admits it claims to be an "intermediate" carrier under applicable federal laws. Defendant denies the remaining allegations of this Paragraph.

48.    This Paragraph, consisting of a statement of Plaintiff's intentions as to others, requires no answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's first three counts are precluded by applicable federal telecommunications law and by the doctrine of preemption.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because the only appropriate forums are the FCC, the regulatory body that has retained sole and exclusive jurisdiction over the traffic at issue and, perhaps, in state regulatory commissions. Plaintiff's claims should be dismissed or stayed by reasons of regulatory primary jurisdiction over this subject matter.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief asserted therein, is barred or strictly limited by Plaintiff's Tariffs filed with the FCC or the applicable state regulatory agency of the State of New York. Count III is barred by the filed rate doctrine.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from the relief sought by the doctrines of estoppel, laches and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

To the extent the Complaint requests injunctive or equitable relief, Plaintiff is barred from such relief by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred because the invoices Plaintiff allegedly submitted violate relevant state and federal law requiring that billing practices be just and reasonable.

7

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensation are for services or facilities not covered by Plaintiff's tariffs.

## NINTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by failure to exhaust administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

Defendant reserves the right to assert other affirmative defenses when and if they become appropriate in this action, and expressly reserves the right to amend this Answer to assert such additional defenses in the future or at or following trial.

WHEREFORE, Defendant Global NAPs, Inc. respectfully requests that this Court dismiss Plaintiffs' action in its entirety and grant Defendant such other or additional relief as the Court may deem just and proper.

## JURY DEMAND

Defendant Global NAPs, Inc. demands a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Global NAPs, Inc. respectfully requests that this Court dismiss Plaintiffs' action in its entirety and grant Defendant such other or additional relief as the Court may deem just and proper.

## JURY DEMAND

Defendant Global NAPs, Inc. demands a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated:     July 17, 2008

By: _____

Joel Davidow (JD-4500)
Kile Goekjian Reed & McManus, PLLC
1200 New Hampshire Avenue NW
Suite 570
Washington, DC 20036
(202) 263-0806

William J. Rooney, Jr. (WR-8317)
Jeffrey C. Melick (JM-1686)
89 Access Road, Suite B
Norwood, MA 02062
(781) 551-9956

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that this document filed through the ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies were sent to those indicated as non-registered participants on July 17, 2008.


By: